**Patricia M. LINDOERFER, Plaintiff,**

v.

**J. C. PENNEY COMPANY, Inc., Defendant,**

v.

**George R. LINDOERFER, Third-Party Defendant.**

**Civ. No. 64–144.**

United States District Court
N. D. Ohio, W. D.

Aug. 10, 1965.

Richard B. Swartzbaugh, Swartzbaugh, Moor & Longthorne, Toledo, Ohio, for plaintiff.

William Belt, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for defendant.

Bernard D. Rice, William Joseph Jacobs, Toledo, Ohio, for third-party defendant.

DON J. YOUNG, District Judge.

In this rather complicated and unpleasant litigation, the defendant J. C. Penney Co. has filed an application for the allowance of its expenses, costs, and reasonable attorney fees. An affidavit in support of the application sets forth in detail the services rendered by this defendant's attorney, which are suggested by the attorney as being of the reasonable value of Three Thousand Dollars ($3000.00). The

costs and expenses amount only to Fifty-Six Dollars and Nine Cents ($56.09).

The plaintiff and the third party defendant have settled their controversy by an order which puts upon plaintiff the burden of paying the costs, expenses, and any attorney fees allowed. Consequently the plaintiff is vigorously opposing any allowance whatever to counsel for the defendant Penney Company.

The action was originally commenced by the plaintiff's complaint that the defendant Penney Company was holding money in its employees' pension and profit sharing fund to the credit of plaintiff's former husband; that plaintiff had been assigned the sum of Thirty-Five Thousand Dollars ($35,000.00) of this fund by her former husband; that the money was due and payable, but the defendant refused to pay it; and that she was entitled to judgment against the defendant in that amount.

The defendant Penney Company filed an answer and also a counterclaim for interpleader, together with a third party complaint for interpleader against the defendant George Lindoerfer, plaintiff's former husband. When the third party defendant finally answered, defendant filed a motion for an order of interpleader between the plaintiff and third party defendant.

Somewhat after four months later, the order of interpleader was finally entered, and three and a half months after that, the defendant Penney Company paid the money into the registry of this Court. A few days later, the plaintiff and the third party defendant settled their differences

Much of the time that elapsed between the motion for interpleader and the deposit of the fund was occupied by battling among the parties in the Court of Domestic Relations of Lucas County, Ohio. While the issues in that litigation were perhaps collateral to the instant controversy, the defendant Penney Company was made a party to the action in the state court, and was by that court enjoined from paying out any money. In the conflicting motions for summary judgment filed in this Court, and heard shortly before the fund was deposited in the registry of the Court, the third party defendant was contending, among other things, that the action in the state court constituted an election of remedies by the plaintiff which barred further proceedings in this Court.

The plaintiff now contends that the defendant Penney Company is not entitled to any attorney fees, because there is no interpleader until the money in dispute is actually paid into the registry of the court, and that was not done until all the services for which counsel is seeking fees had been performed. Failing that argument, plaintiff contends that this wasn't an interpleader at all, but the defendant company had elected to follow third party practice. Next, plaintiff argues that in any event, the defendant Penney Company was more than a mere stakeholder, was actually pursuing its own interests in the matter, and that under such circumstances, there is no interpleader in which the stakeholder is entitled to any allowance for fees and expenses. Plaintiff then contends that even if this were an interpleader, the courts never allow more than nominal fees, and that most of the services were performed in the domestic relations actions, in which the defendant Penney Company was not entitled to any fees, no matter how much legal services were required. Finally plaintiff contends that the defendant Penney Company delayed paying the money into court for the benefit of itself and the third party defendant (this is perhaps a restatement of the earlier argument that the defendant Penney Company was not a mere stakeholder, but had an interest in the controversy between the other parties).

The plaintiff cites a large number of authorities for its position on these various matters, all of which the Court has examined. None of them have the slightest resemblance upon their facts to the case at bar, and consequently, except as statements of general principle, are of little value in determining the issues presented.

The difficulty with the whole matter is that the plaintiff has admittedly taken advantage of the defendant Penney Company's good nature to gain her own ends, and in the process has put this defendant to a good deal of expense and trouble. Having gained her ends, plaintiff now objects to compensating the defendant for the trouble she has caused it. Since consideration of what is sometimes referred as "fundamental fairness" now seems to be involved in the judicial determination of legal disputes, the plaintiff's position is not the strongest.

Plaintiff has stated that this Court really did not have territorial jurisdiction of the trustee of the fund against which she was seeking to recover, but she knew that it was not the practice of the defendant Penney Company to raise the jurisdictional question if suit were filed against it, so the action was filed here, which was much more convenient to her than the proper forum would have been. Plaintiff also states, on page five of her brief, that it really made no difference to her that the defendant Penney Company did not promptly pay the money into court, since its credit is good.

■ Thus regardless of her fine-spun technical arguments, and her many authorities, plaintiff fails to demonstrate that from a practical standpoint this action was not, fundamentally and from the beginning, governed by the basic principles of interpleader. The real controversy, and the only controversy, in the matter was between the plaintiff and her former husband, the third party defendant. It was a part of one of those interminable battles that are unhappily all too common in the domestic relations court, in which neither divorce nor even death can terminate the bitterness and fighting.

Under those circumstances, since this really was an action of interpleader, and since, in spite of plaintiff's rather paranoid accusations that the defendant Penney Company was helping the third party defendant (an accusation which might have had a stronger legal basis if it had been advanced in reverse, that is, by the third party defendant claiming the defendant Penney Company was helping the plaintiff by not raising the jurisdictional question) the defendant Penney Company really stood to gain nothing from the action but its peace, it seems clear that the defendant Penney Company is entitled to its costs and expenses, and to a reasonable allowance for its attorney fees.

■ The costs and expenses are nominal. The question of what is a reasonable allowance for attorney fees in this matter, however, is more difficult. On the basis of the services actually rendered, the amount of Three Thousand Dollars ($3000.00) suggested by the defendant Penney Company's counsel does not seem unreasonable.

On the other hand, more than half of the services shown in the itemization were clearly concerned directly with the matters involved in the domestic relations court. The defendant Penney Company might well have found itself subject to those difficulties with no hope whatever of being recompensed. Granted that the cases cited by plaintiff show that only nominal fees are usually allowed counsel for the stakeholder in interpleader actions, the facts in the cases cited do not appear to have involved the extensive and difficult problems that intervened in this action between the filing of the motion for interpleader, and the allowance of the motion.

It appears to the Court that in this case a proper allowance for the fees of counsel for the defendant Penney Company, to be paid out of the fund in the registry of the Court, would be Twelve Hundred Fifty Dollars ($1250.00) in addition to the costs and expenses in the sum of Fifty-Six Dollars and Nine Cents ($56.09). Counsel for the defendant Penney Company may submit an order accordingly, with exception to both parties.